IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BROWN, | Case No. 4:24-cv-00010-BO |
| Plaintiff, | |
| v. | |
| TRANS UNION RENTAL SCREENING SOLUTIONS, INC., | |
| Defendant. | |

## AGREED PROTECTIVE ORDER

The parties to this action have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1 **Definitions.** As used in this protective order:

   (a) "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisted an attorney of record in the matter;

   (b) "confidential" means a document reasonably designated as confidential under this protective order;

   (c) "destroy" means to shred or delete information received. Nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file.

   (d) "document" means information disclosed or produced in discovery including at a deposition;

   (e) "notice" or "notify" means written notice, including email'

   (f) "party" means a party to this action; and

1

(g) "protected document means a document protected by a privilege or the work-product doctrine.

## 2  Designating a Document or Deposition as Confidential

(a) In making a confidentiality designation, the designating party represents that it has good-faith basis for contending that the document is "confidential," as defined by this order.

(b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;

(c) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

  (1) If after 30 days from receipt of the deposition transcript from the court reporter, a party or non-party provides notice to those who were present at the deposition that portions of that deposition testimony are confidential.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

## 3  Who May Receive a Confidential Document.

(a) "All documents, transcripts, or other material subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information

2
Case 4:24-cv-00010-BO-RN   Document 18   Filed 04/30/24   Page 2 of 7

designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

(b) No person receiving a confidential document may reveal it, except to:

(1) The parties;

(2) The court and its staff;

(3) An attorney or an attorney's partner, associate, or staff;

(4) A persons shown on the face of the confidential document to have authored or received it;

(5) A court reporter or videographer retained in connection with this action;

(6) Any juror or alternative juror;

(7) Experts retained in connection with this action;

(8) Any witness in this action who has received the "Acknowledgement of Understanding" (Exhibit A);

(9) Professional jury, trial consultants, mock jurors, and professional vendors, who have received the "Acknowledgement of Understanding" (Exhibit A);

(10) Any person who is retained to assist a party or attorney with this action, who has received the "Acknowledgement of Understanding" (Exhibit A);

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4 **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the

3

error, provide notice of the error and produce a copy of the document designated as confidential.

## 5 Use of a Confidential Document in Court

(a) Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal. The parties shall comply with the Court's local rule governing filing under seal. This protective order, however, does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents.

## 6 Changing a Confidential Document's Designation.

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court order otherwise.

(b) Document produced by non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made. If the parties cannot agree after they meet and confer, the designating party may file a motion seeking entry of a protective order concerning the specific document, seeking to have the Court designate it as confidential. That motion shall be filed no later than 21 (twenty-one) days after the parties meet and

confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d) If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that designation satisfies Fed. R. Civ. P. 26(c).

## 7 Handling a Confidential Document after Termination of Litigation

(a) Within 60 days after termination of this action (including any appeals), each party must:

(1) Return or destroy all confidential documents.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court and each attorney may retain records as required by the professional rules of conduct for lawyers.

## 8 Inadvertent Disclosure or Production to a Party of a Protected Document.

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

5

9  **Security Precautions and Data Breaches.**

   (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

   (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10 **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

SO ORDERED, this 29 day of April 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION RENTAL SCREENING SOLUTIONS, INC.,<br><br>Defendant. | Case No. 4:24-cv-00010-BO<br><br>EXHIBIT A |

## ACKNOWLEDGEMENT OF UNDERSTANDING

I have read and understand the protective order in this case captioned Anthony Brown vs. Trans Union Rental Screening Solutions, Inc. case no. 4:24-cv-00010-BO in the United States District Court for the Eastern District of North Carolina. As soon as my work in connection with that action has ended, but no later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

Date: _____

_____
Signature

_____
Printed Name